**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2115-24

ANDREW BARCIA,

     Plaintiff-Appellant,

v.

HOUSING AUTHORITY OF THE
CITY OF PASSAIC, VICTOR
CIRILO and PAMELA MITCHELL,
individually and in their capacities
as the Executive Directors of the
Housing Authority of the City of
Passaic,

     Defendants-Respondents.

_____

Submitted December 17, 2025 – Decided July 17, 2026

Before Judges Gummer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1546-23.

Bisceglie & Associates, PC, attorney for appellant (Angelo R. Bisceglie, Jr., on the briefs).

Erdal Employment Law, LLC, attorneys for respondents (Erdal Turnacioglu, of counsel and on the brief).

PER CURIAM

In this employment dispute, plaintiff Andrew Barcia appeals from an order dismissing his amended complaint with prejudice pursuant to Rule 4:6-2(a) and (e). The trial court dismissed the pleading based on the terms of a 2018 stipulation of dismissal of plaintiff's 2016 case against defendants Housing Authority of the City of Passaic (PHA) and its executive director Victor Cirilo, statute-of-limitations grounds pursuant to Rule 4:6-2(a), and a failure to state a cause of action pursuant to Rule 4:6-2(e). Based on our de novo review, we reverse the dismissal of certain claims in the amended complaint asserted under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -16, and remand the case for proceedings regarding those remaining claims consistent with this opinion. We otherwise affirm.

I.

On September 20, 2016, plaintiff filed a complaint in the Law Division against his employer PHA and Cirilo. Plaintiff asserted three causes of action: unlawful retaliation in violation of CEPA, breach of contract and violation of the PHA personnel manual, and "reverse discrimination within the meaning of"

2

the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50. With respect to the CEPA claim, plaintiff alleged he had engaged in protected whistleblowing when he reported in 2009 supervisor Pamela Mitchell's falsification of work orders, recommended in 2013 against the award of a contract to SAAR Construction Inc. (SAAR), reported in 2013 employee Roosevelt Johnson's unauthorized early departure from the workplace, and reported in 2014 employee Hector Lora's failure to accurately record his time at work.

In a January 16, 2018 stipulation, the parties agreed to the dismissal of the case without prejudice. The stipulation provided in relevant part:

> [T]his case is hereby voluntarily dismissed in its entirety, without prejudice, pursuant to R[ule] 4:37-1(a); subject to the following provisions: waiver of any time constraints under [s]tatute of [l]imitations, [p]laintiff has the right to re-file his compl[ai]nt within sixty (60) days of [n]otice upon the successful appeal of the Melody Villanueva-Arroyo v. Housing Authority of the City of Passaic et al. matter, docket number PAS-L-974-15.

Plaintiff's attorney also represented the plaintiff in Villanueva-Arroyo.

In that case, Villanueva-Arroyo sued PHA and Cirilo, alleging PHA had terminated her employment in violation of CEPA after she raised concerns about SAAR's quality of work and objected to a contract being awarded to it. See

Villanueva-Arroyo v. Housing Auth. of Passaic, No. A-3896-19 (App. Div. June 3, 2021) (slip op. at 4, 11-12), certif. denied, 251 N.J. 368 (2022).[1] Villanueva-Arroyo appealed orders granting the defendants summary judgment and denying her cross-motion for summary judgment. Id. at 2. In a June 3, 2021 opinion, we affirmed, holding she had failed to establish a prima facie CEPA claim because her concerns about SAAR did not amount to an "objectively reasonable belief" of unlawful conduct and she had failed to establish a wrongful-termination claim because CEPA's waiver provision barred that claim and she was an at-will employee. Id. at 12, 18. On July 11, 2022, the Supreme Court denied her petition for certification. Villanueva-Arroyo v. Housing Auth. of Passaic, 251 N.J. 368 (2022).

On the same day, plaintiff filed a complaint in the United States District Court for the District of New Jersey against PHA, Cirilo, and Mitchell. He asserted claims for a violation of his free-speech and due-process rights under the First Amendment and 42 U.S.C. § 1983, unlawful retaliation in violation of CEPA, unlawful discrimination in violation of the LAD, breach of contract, and

---

[1] We recognize courts do not cite to unpublished cases except under certain limited circumstances. See R. 1:36-3. Our citation to and discussion of Villanueva-Arroyo is warranted in this case because the parties premised the stipulation on the outcome of that appeal.

intentional and negligent infliction of emotional distress allegedly caused by Cirilo's actions and PHA's failure to prevent them. Plaintiff included in the federal complaint the allegations he had made in the 2016 complaint about his purported whistleblowing regarding Mitchell, SAAR, Johnson, and Lora. Regarding his CEPA retaliation claim, plaintiff added the following allegations: he was placed on administrative leave in October 2016; in October 2018, after Cirilo had left his position as executive director, plaintiff was told to return to work; he was "stripped of his position as Director of Maintenance"; and his annual salary was reduced by approximately $20,000.

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and for sanctions under Federal Rule of Civil Procedure 11. In an April 24, 2023 opinion, the district court dismissed the cause of action based on the First Amendment and 42 U.S.C. § 1983, concluding plaintiff had failed to allege he had engaged in protected speech. The court declined to exercise supplemental jurisdiction over the state-law claims in the remaining causes of action and dismissed them without prejudice. The court denied defendants' request for sanctions on procedural grounds. In its opinion, the district court referenced the stipulation in the 2016 case and described it as:

> provid[ing p]laintiff with the right to re-file their [sic]
> complaint in the event of a non-successful appeal. The

parties specifically contemplated the possible outcome of a successful appeal, but not an unsuccessful one. Furthermore, the voluntary stipulation of dismissal was without prejudice. As such, the stipulation does not prevent [p]laintiff from re-fil[]ing its [sic] complaint.

On June 9, 2023, plaintiff filed a complaint in the Law Division, naming PHA, Cirilo, and Mitchell as defendants. Plaintiff included in the 2023 complaint factual allegations he had made in the 2016 complaint and the federal complaint. He repeated the causes of action based on CEPA, the LAD, and breach of contract he had made in the 2016 complaint and the federal complaint as well as the causes of action for intentional and negligent infliction of emotional distress he had included in the federal complaint.

On December 11, 2023, plaintiff filed an amended complaint, adding a cause of action for defamation based on his assertion Cirilo had "defamed [his] name on numerous occasions to [PHA's] board and staff members throughout [p]laintiff's employment with PHA." Plaintiff alleged Cirilo had said he "was not fit to perform his duties" and had "amplif[ied]" that comment "with slanderous remarks such as [p]laintiff is 'slacking off at work' and that . . . '[p]laintiff is not qualified for [p]laintiff[']s work position with PHA.'" Plaintiff added to his CEPA cause of action an allegation that when Mitchell became the PHA's executive director after Cirilo left, she "continued with retaliatory action

initiated by . . . Cirilo . . . throughout her term as executive director." He specifically referenced Mitchell's "failure to grant salary reviews and bonuses."

On March 18, 2024, defendants moved to dismiss the amended complaint with prejudice, based on the terms of the stipulation, lack of subject-matter jurisdiction pursuant to Rule 4:6-2(a) given the applicable statutes of limitations, and failure to state a cause of action pursuant to Rule 4:6-2(e). In support of the motion, defense counsel submitted his certification with attached copies of the 2016 complaint; the stipulation; the complaint, Appellate Division opinion, and Supreme Court order in Villanueva-Arroyo; the complaint, order, and decision in the federal case; the amended complaint; and a January 2, 2024 frivolous-litigation letter defense counsel had sent to plaintiff's counsel pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.

After hearing argument on March 10, 2025, the trial court placed a decision on the record and entered an order granting defendants' motion. The court disagreed with the district court's description of the stipulation and plaintiff's argument it permitted plaintiff to refile the complaint, held plaintiff's claims were barred by the applicable statutes of limitation, and found plaintiff's CEPA claim was without merit because plaintiff, "as was Villanueva-Arroyo," was an at-will employee and complaining about SAAR's substandard work and

recommending against awarding it a contract was "a far cry from the necessary requirements of a CEPA claim."

On appeal, plaintiff argues the amended complaint met the Rule 4:6-2(e) standard and the trial court erred in relying on our decision in Villanueva-Arroyo, in failing to consider the continuing-violation doctrine, and in disregarding the district court's opinion. Plaintiff also seeks the recusal of the trial court judge who decided the motion.

II.

We review de novo a trial court's decision granting a motion to dismiss pursuant to Rule 4:6-2. See ACLU of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 100 (2024). In performing that de novo review, "[w]e apply the same standard that governs the trial court in that inquiry," assuming the allegations in the pleadings are true and affording the pleading party all reasonable factual inferences. Ibid.; Sparroween, LLC v. Twp. of West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017) (same).

"[W]hether a cause of action is barred by a statute of limitations is a question of law," which we review de novo. Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487 (App. Div. 2018); see also Barron v. Gersten, 472 N.J. Super. 572, 576 (App. Div. 2022) (reviewing de novo the

trial court's dismissal of a complaint as barred by a statute of limitations). We "owe[] no deference to the trial court's legal conclusions," Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019), including its "'legal interpretations' in dismissing [a] complaint as time-barred," Save Camden Pub. Sch., 454 N.J. Super. at 488 (quoting Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 600 (App. Div. 2014)).

Rule 4:37-1(a) enables a plaintiff to dismiss a case at any time "by filing a stipulation of dismissal . . . signed by all parties who have appeared in the action." See Greely v. Greely, 194 N.J. 168, 175 (2008) (omission in original) (finding that after a defendant has answered a complaint, a plaintiff's "sole avenue" for the voluntarily dismissal of the complaint is "to secure a consensual dismissal by 'stipulation . . . signed by all parties who have appeared in the action'" (quoting R. 4:37-1(a))). "Otherwise, a complaint may be dismissed at plaintiff's request 'only by leave of court and upon such terms and conditions as the court deems appropriate.'" Hansen v. Hansen, 339 N.J. Super. 128, 135 (App. Div. 2001) (quoting R. 4:37-1(b)).

A stipulation is treated like a contract. See Serico v. Rothberg, 234 N.J. 168, 177-78 (2018). "A basic principle of contract interpretation is to read the document as a whole in a fair and common sense manner." Hardy ex rel.

Dowdell v. Abdul-Matin, 198 N.J. 95, 103 (2009). "[T]he terms of the contract must be given their 'plain and ordinary meaning.'" Schor v. FMS Fin. Corp., 357 N.J. Super. 185, 191 (App. Div. 2002) (quoting Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997)). "[I]f the contract into which the parties have entered is clear, then it must be enforced as written." Serico, 234 N.J. at 178 (alteration in original) (quoting In re Cnty. of Atl., 230 N.J. 237, 254-55 (2017)).

Plaintiff obtained a consensual dismissal through a stipulation that was "subject to the following provisions:  waiver of any time constraints under [s]tatute of [l]imitations, [p]laintiff has the right to re-file his compl[ai]nt within sixty (60) days of [n]otice upon the successful appeal of the . . . Villanueva-Arroyo . . . matter." Thus, the parties agreed plaintiff could dismiss his case and refile it within sixty days of a "successful appeal" in the Villanueva-Arroyo case, unbounded by any otherwise applicable statute of limitations.

The express language in the stipulation made plaintiff's right to refile the complaint contingent on "the successful appeal" of Villanueva-Arroyo.  That appeal was not successful and can never be successful given the Supreme Court's denial of Villanueva-Arroyo's petition for certification. Villanueva-Arroyo, 251 N.J. 368.  Thus, pursuant to the clear language of the stipulation and in the

10

absence of a "successful appeal" in <u>Villanueva-Arroyo</u>, plaintiff did not have the right to refile the claims made in his 2016 complaint.

Plaintiff argues the district court correctly determined the stipulation "provide[d p]laintiff with the right to re-file the[] complaint in the event of a non-successful appeal" in <u>Villanueva-Arroyo</u> and that that court's determination precludes any contrary finding by the Superior Court. We disagree with both the district court's interpretation of the stipulation and plaintiff's argument about its purported preclusive effect. The district court's interpretation negates the "successful appeal" language contained in the stipulation. An agreement "should not be interpreted to render one of its terms meaningless." <u>Focazio v. Aboyoun</u>, 481 N.J. Super. 153, 166 (App. Div.) (quoting <u>Cumberland Cnty. Imp. Auth. v. GSP Recycling Co.</u>, 358 N.J. Super. 484, 497 (App. Div. 2003)), <u>certif. denied</u>, 261 N.J. 152 (2025).

The district court declined to exercise supplemental jurisdiction over plaintiff's state-law claims. Its dicta regarding the stipulation does not render the doctrines of res judicata or collateral estoppel applicable. The dicta was not a determination of a cause of action on the merits. <u>See</u> <u>Villanueva v. Zimmer</u>, 431 N.J. Super. 301, 311 (App. Div. 2013) (finding res judicata applies when "a cause of action . . . has been finally determined on the merits" (quoting

Velasquez v. Franz, 123 N.J. 498, 505 (1991))). Nor was it a determination that was essential to the district court's decision. See Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012) (finding collateral estoppel applies if the determination at issue was essential to the decision in the prior case); see also Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015) (finding "[d]ictum . . . 'does not invoke the principle of stare decisis'" (quoting Jamouneau v. Div. of Tax Appeals, 2 N.J. 325, 332 (1949))). Moreover, a federal trial court's misconception of a Superior Court stipulation does not prevent a Superior Court trial judge from correctly interpreting and applying the stipulation. Nor does it bind this court.

Plaintiff faults the trial court for relying on Villanueva-Arroyo, describing it as "a completely unrelated case." The parties, however, made it a related case when they premised the stipulation on its outcome. Plaintiff contends applying "the successful appeal" provision of the stipulation "would create an absurd precedent where one party's claims are unjustly barred due to the outcome of another individual's litigation." But that is the deal the parties made, and courts cannot make a better or different agreement for them than the one they made. See Globe Motor Co. v. Igdalev, 225 N.J. 469, 483 (2016) (finding the "court's task was 'not to rewrite a contract for the parties better than or different from the

12

one they wrote for themselves'" (quoting Kieffer v. Best Buy, 205 N.J. 213, 223 (2011))).

Although plaintiff did not have the right under the stipulation to refile the claims made in his 2016 complaint, the stipulation did not prevent him from asserting claims not pleaded in the 2016 complaint, including those based on events that occurred after the parties filed the stipulation. In addition to the claims stated in the 2016 complaint, plaintiff included in the 2023 complaint causes of action for intentional and negligent infliction of emotional distress and in the 2023 amended complaint a defamation cause of action. He also included allegations of retaliatory actions taken by Mitchell after she became the executive director following Cirilo's departure in support of his CEPA cause of action in the amended complaint.

The court found plaintiff's claims were barred by the applicable statutes of limitations. We agree the defamation and intentional- and negligent-infliction causes of action were time-barred. Defamation claims have a one-year statute of limitation. N.J.S.A. 2A:14-3; see also Chipola v. Flannery, 261 N.J. 460, 467 (2025). Claims for intentional- and negligent-infliction of emotional distress have a two-year statute of limitation. N.J.S.A. 2A:14-2; see also Fraser v. Bovino, 317 N.J. Super. 23, 34 (App. Div. 1998). Plaintiff based

his defamation and intentional- and negligent-infliction claims on the purported actions of Cirilo, who, according to plaintiff, left PHA no later than 2018. Thus, the defamation and intentional- and negligent-infliction claims plaintiff filed in his 2023 pleadings are time-barred.

CEPA requires an action be commenced within one year of "a violation of any of [its] provisions." N.J.S.A. 34:19-5. Thus, a CEPA claim does not accrue until the employee suffers the adverse employment action. Green v. Jersey City Bd. of Educ., 177 N.J. 434, 448 (2003). In other words, the limitations period runs from the alleged retaliatory action, not from the underlying whistleblowing conduct. Because the relevant inquiry focuses on the retaliatory act rather than the protected conduct itself, plaintiff's CEPA claims based on the retaliatory actions alleged in the amended complaint that took place within one year of the December 11, 2023 filing of the amended complaint are not time barred and should not have been dismissed. Accordingly, we reverse the dismissal of those claims and remand the case for the trial court's consideration and resolution of them.

Plaintiff argues the court erred in not considering whether the continuing-violation doctrine saves the CEPA claims it deemed time-barred. That doctrine provides an exception to statutes of limitations for claims arising under anti-

14

discrimination laws.  See  Roa v. Roa, 200 N.J. 555, 566 (2010).  The doctrine applies "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct."  Schiavo v. Marina Dist. Dev. Co., 442 N.J. Super. 346, 372 (App. Div. 2015) (quoting Wilson v. Wal-Mart Stores, 158 N.J. 263, 272 (1999)).  Under those circumstances, "the statute of limitations does not begin to run until the wrongful action ceases."  Roa, 200 N.J. at 566 (quoting Wilson, 158 N.J. at 272).  To demonstrate a "continuing violation," a plaintiff must demonstrate that each asserted act of discriminatory conduct "is part of a pattern and at least one of those acts occurred within the statutory limitations period."  Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 7 (2002).  Specifically, a plaintiff must show:  "(1) at least one allegedly discriminatory act occurred within the filing period and (2) the discrimination is 'more than the occurrence of isolated or sporadic acts of intentional discrimination' and is instead a continuing pattern of discrimination."  Bolinger v. Bell Atl., 330 N.J. Super. 300, 307 (App. Div. 2000) (quoting Harel v. Rutgers, State Univ., 5 F. Supp. 2d 246, 261 (D.N.J. 1998)).  To determine whether the alleged incidents constitute a "continuing violation," a court performs a fact-specific analysis of those alleged incidents.  Schiavo, 442 N.J. Super. at 372 (identifying the specific factors a court must consider).

15

The fact-specific determination as to whether the continuing-violation doctrine applies to any of plaintiff's otherwise time-barred CEPA claims based on retaliatory acts that occurred after the filing of the 2016 complaint is best left to the trial court on remand. Accordingly, we reverse the dismissal of those claims and remand them to the trial court for consideration of this issue.

Finally, we address the court's dismissal of plaintiff's CEPA claim based on its finding plaintiff was an at-will employee and his SAAR whistleblowing allegations did not meet the requirements of a CEPA claim. In reaching that determination, the court expressly referenced our decision in Villanueva-Arroyo. That opinion, however, involved an appeal from summary-judgment orders. Thus, we decided that appeal based on a summary-judgment record reviewed under the applicable summary-judgment standard, considering the claims Villanueva-Arroyo had made about her whistleblowing activities and the retaliatory actions allegedly taken against her. This case involves an appeal of a dismissal order entered pursuant to Rule 4:6-2 based on plaintiff's whistleblowing and retaliation allegations. Under the Rule 4:6-2 standard, assuming the allegations in the pleadings are true and affording plaintiff all reasonable factual inferences, we cannot conclude he had failed to establish a

16

viable CEPA claim. See Allen v. Cape May Cnty., 246 N.J. 275, 289-90 (2021) (setting forth the elements of a CEPA claim).

In sum, we conclude claims from the 2016 complaint plaintiff re-pleaded in the 2023 amended complaint, including CEPA claims based on the alleged retaliatory actions by Cirilo that occurred before plaintiff filed the 2016 complaint, are barred by the stipulation. We hold the defamation and intentional- and negligent-infliction claims alleged in the 2023 pleadings are time-barred under the applicable statutes of limitations. We conclude the CEPA claims based on retaliatory acts that occurred after December 11, 2022, are not time-barred and the CEPA claims based on retaliatory acts that occurred between the filing of the 2016 complaint and December 11, 2022, are potentially not time-barred under the continuing-violation doctrine. We direct the trial court on remand to determine whether the continuing-violation doctrine applies to those claims under the circumstances of this case.

Thus, we reverse the dismissal of plaintiff's CEPA claims based on retaliatory acts that occurred after the filing of the 2016 complaint. We otherwise affirm. We remand for proceedings consistent with this opinion, taking no position on the ultimate outcome. We do not address plaintiff's recusal

argument because it is without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division